NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2015
Decided January 21, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-2510 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 384-3 |
| SERGIO BALTAZAR-LUJANO, *Defendant-Appellant*. | Rubén Castillo, *Chief Judge*. |

**O R D E R**

Sergio Baltazar-Lujano and four of his cohorts were arrested in 2012 for participating in a large-scale drug ring in Chicago. Baltazar-Lujano pleaded guilty to conspiring to possess with intent to distribute heroin and possessing a firearm in furtherance of the drug-trafficking crime. *See* 21 U.S.C. § 846; 18 U.S.C. § 924(c)(1)(A). In the plea agreement, he waived all appellate issues that might have arisen had he gone to trial except for issues related to the validity of the plea and the sentence imposed. The district judge sentenced him to the statutory minimum of 120 months on the conspiracy count and a consecutive 60 months for the gun offense, also the statutory minimum. Baltazar-Lujano now appeals, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Baltazar-Lujano has not accepted our invitation to respond to counsel's motion. *See* 7TH

CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by noting that Baltazar-Lujano does not wish to challenge his guilty pleas. Thus, counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel considers whether Baltazar-Lujano could challenge his 180-month sentence as unreasonable and correctly concludes that this challenge would be frivolous. Baltazar-Lujano's sentence was below the combined calculated guidelines range of 168 to 210 months on the conspiracy count and the statutory minimum 60 consecutive months on the gun count. Counsel offers nothing to rebut the presumption of reasonableness that applies to this below-guidelines sentence, nor can we find any reason to disturb it. *See United States v. Annoreno*, 713 F.3d 352, 360 (7th Cir. 2013). The court adequately considered the sentencing factors in 18 U.S.C. § 3553(a)—including the seriousness of the offenses and Baltazar-Lujano's role in the conspiracy—and concluded the statutory minimum term was sufficient.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.